UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
CISCO SYSTEMS, INC.,                                        :
                                                            :   **MEMORANDUM DECISION**
                                              Plaintiff,    :   **AND ORDER**
                                                            :
                         - against -                        :   21-cv-455 (BMC)
                                                            :
GUIDE2PARK LLC, NYFLOWS LLC, NEAT                           :
NEAT LLC, and DOES 1 through 50,                            :
                                                            :
                                              Defendants.   :
----------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff filed this fraud case claiming diversity jurisdiction. I issued an Order to Show Cause why this case should not be dismissed for lack of subject matter jurisdiction because plaintiff failed to adequately allege the citizenship of any of the defendant LLCs. Because I conclude that plaintiff's supplemental showing is insufficient to establish defendants' citizenship and that jurisdictional discovery is not warranted, this case is dismissed.

Federal courts have an obligation to examine subject matter jurisdiction *sua sponte*. See Joseph v. Leavitt, 465 F.3d 87, 89 (2d Cir. 2006) (citing Travelers Ins. Co. v. Carpenter, 411 F.3d 323, 328 (2d Cir. 2005)). The complaint did not properly invoke federal subject matter jurisdiction because it alleged only that "[b]ased on a review of the publicly-available files reviewed by Cisco, no member of [each of the three defendant limited liability companies] is believed to reside in either California or Delaware." As I stated in the Order to Show Cause, the question is not what plaintiff believes about defendants' citizenship, but what their citizenship is, and because states including New York do not require identification of LLC members in public filings, looking at public records for the members of an LLC is likely to be as productive as looking in a telephone directory.

Plaintiff's difficulty does not change the law. An averment of jurisdiction must be positive and supported by express facts, and it is "not sufficient that jurisdiction may be inferred, argumentatively, from its averments." Brown v. Keene, 33 U.S. 112, 114 (1834). Allegations that a party "is a citizen of a different state" is insufficient to show that diversity is met. Carter v. HealthPort Techs., LLC, 822 F.3d 47, 60 (2d Cir. 2016). District courts in this Circuit regularly find that allegations that a party is a citizen of a different state – without specifying which different state or if based only upon "information and belief" – are conclusory and therefore insufficient to invoke diversity jurisdiction. See, e.g., Go Farm Hemp, LLC v. Canopy Growth USA, LLC, No. 19-CV-1370, 2019 WL 5842908, at *2 (W.D.N.Y. Nov. 7, 2019); Axalta Coating Sys., LLC v. Atl. Auto Body of Freeport LLC, No. 18-CV-3521, 2019 WL 1491959, at *2 (E.D.N.Y. Apr. 4, 2019).

In its response to the Order to Show Cause, plaintiff details what public records revealed about defendants and certain individuals associated with them and argues that the Court can infer that defendants are not citizens of California or Delaware. For example, as to these individuals who may (or may not) be members of the LLCs, plaintiff points to voter registrations, vehicle registrations, driver's licenses, and last known addresses suggesting that the various associated individuals are citizens of Florida, New York, and Israel. This showing is inadequate for two reasons.

First, I cannot determine the citizenship of any LLC unless I know the citizenship of "all of the entity's members," Carden v. Arkoma Assocs., 494 U.S. 185, 195 (1990), and these individuals may or may not represent the universe of defendants' members – indeed, they may not even be members. Second, even if these individuals were the only members of the defendant LLCs, almost all of the information provided speaks to residence, not citizenship. As I explained

before, residence is not synonymous with citizenship and can be particularly irrelevant in some circumstances, such as if any member of the limited liability company is an alien, or another LLC, or a limited partnership.  See S Rock Partners, LLC v. Kiselev, No. 17-CV-1670, 2018 WL 888725, at *4 (D. Conn. Feb. 14, 2018).  Accordingly, plaintiff's supplemental showing is inadequate to invoke diversity jurisdiction.

Plaintiff seeks the opportunity to amend its complaint to include additional facts to support diversity jurisdiction.  The problem, however, is not only with allegations in the complaint.  If plaintiff had demonstrated diversity jurisdiction in response to the Order to Show Cause, I likely would not have even required an amendment of the complaint to proceed with the case; at least, I certainly would have allowed an amended complaint.  See Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont, 565 F.3d 56, 64 (2d Cir. 2009).  But it is clear that plaintiff lacks knowledge of the necessary facts and thus does not have a good faith basis for asserting the allegations needed to establish jurisdiction.  See Sourceone Healthcare Techs., Inc. v. Bensonhurst Imaging Assocs. Mgmt. LLC, No. 08-CV-2568, 2008 WL 2697324, at *2 (E.D.N.Y. July 2, 2008) ("The requirement of a good faith basis is no less applicable to jurisdictional facts than any other facts.  Indeed, because jurisdiction is the building block upon which the entire case must rest, it is particularly important that plaintiffs have a sound factual basis for invoking it.").

In the alternative, plaintiff requests the opportunity to conduct jurisdictional discovery, but I am not persuaded that jurisdictional discovery is warranted in this case.  I recognize that the discretion to do so is there.  See Mills 2011 LLC v. Synovus Bank, 921 F. Supp. 2d 219, 228 (S.D.N.Y. 2013).  But that discretion has to be carefully exercised for many reasons.  First, introducing a mini-litigation on the threshold issue of diversity of citizenship should be avoided

if possible. Litigation can be complex enough without introducing a preliminary round that could last months just to get to square one. Square one, the existence of diversity, should be where the case starts.

Second, a broad allowance of jurisdictional discovery would encourage speculative assertions of jurisdiction against LLCs and other unincorporated entities based on the mere hope that the facts might turn out in the plaintiff's favor.[1]

Third, it is noteworthy that plaintiff is requesting emergency relief on an *ex parte* basis. I cannot grant plaintiff its requested TRO when plaintiff has not even demonstrated that this case is properly before me, and the notion of burdening any defendant with jurisdictional discovery while subject to injunctive relief is inappropriate. This case is in a significantly different posture than the typical case permitting jurisdictional discovery, in which defendants have appeared to defend the action and no emergency relief is sought. See, e.g., Tutor Perini, 2020 WL 7711629, at *3; Aleph Towers, LLC v. Ambit Texas, LLC, No. 12-CV-3488, 2013 WL 4517278, at *4 (E.D.N.Y. Aug. 23, 2013); Frati v. Saltzstein, No. 10 Civ. 3255, 2011 WL 1002417, at *6 (S.D.N.Y. Mar. 14, 2011).

Finally, even if these considerations favored discovery to determine citizenship, plaintiff has not made the necessary threshold showing. Unlike in other cases permitting jurisdictional discovery, plaintiff has not demonstrated that *any* defendant is diverse. See Tutor Perini Bldg. Corp. v. New York City Regll Ctr., LLC, No. 20 CIV. 731, 2020 WL 7711629, at *3 (S.D.N.Y. Dec. 29, 2020) (allowing jurisdictional discovery where plaintiff had demonstrated diversity as to at least some defendants). Indeed, plaintiff does not even know the identity of any, let alone

---

[1] It is worth noting that an aggressive assertion of diversity jurisdiction beyond congressional definitions would also be in derogation of comity. There is no reason to think that the Supreme Court of New York, where this case might well be assigned to the Commercial Division, is not as capable as this Court is of presiding over this case.

all, of the members of the LLCs; it merely guesses at some of them. It would need discovery to find out who they are, and then potentially more discovery to ascertain each one's citizenship. Nor is this a case where defendants have appeared and disputed jurisdictional facts, as to which discovery might be appropriate. See Aleph Towers, LLC, 2013 WL 4517278, at *4. Rather, it is a case where plaintiff simply does not know any jurisdictional facts beyond its own citizenship. A wing and a prayer is no substitute for jurisdictional facts.

Plaintiff urges in closing that defendants "should not be permitted to escape diversity jurisdiction by hiding behind the secretive nature of the LLC structure." That does not work. First of all, it is far-fetched to posit that defendants chose to operate as LLCs instead of corporations so that plaintiff would have to sue them in state court instead of federal court. There are many advantages and disadvantages of one form of entity versus the other, and my experience is that businesspeople, even crooked businesspeople as plaintiff alleges, are generally not up on the latest forum-selection strategies. They do not compare each judge of the local federal court and the local state court who they might draw in the event of a dispute and then select the business entity most likely to get them to that judge (especially in the Eastern District of New York and Kings County where there are so many judges). Defendants have a right to choose a recognized form of business entity most advantageous to their businesses. I reject the notion that they chose to be LLCs instead of corporations to fool plaintiff.

Second, it is not defendants' "fault" that plaintiff can't demonstrate diversity. Congress made the decision to treat corporations differently from other unincorporated business entities. There have been various proposals made to Congress to redefine the citizenship of LLCs in line with corporations (although not all of them would help a plaintiff who knows as little about a defendant's citizenship as plaintiff knows here). See Committee on Rules of Practice and

5

Procedure, Preliminary Draft of Proposed Amendment to Federal Rules of Civil Procedure, Rule 7.1(a)(2), at 65 (Aug. 2019)[2] (proposing change to Federal Rules of Civil Procedure); Carla A. Aveni, *ABA House of Delegates Urges Change to Diversity Statute*, ABA (Oct. 30, 2015)[3] (proposing change to 28 U.S.C. § 1332).  Congress has not taken up the mantle, although it has, in fact, elected to treat LLCs as corporations under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(10).  For the present, however, the law as to plaintiff's obligations in commencing a diversity action against LLCs is clear.

Plaintiff has asked as a second alternative that if I dismiss the case, as I am, it remains under seal until it applies for injunctive relief from the state court.  I am not sure how plaintiff managed to file this action under seal without my authorization in the first place – the more proper procedure is for plaintiff to file redacted copies of the papers, perhaps with a John Doe defendant, and then a motion to file the unredacted copies under seal.  However, in light of plaintiff's surmise that defendants, once they become aware of the action, will close up shop and then pop up again with new identities to pursue the same fraudulent scheme, I will maintain the sealing of the case for 7 days so that plaintiffs have the opportunity to convince a state court of

---

[2] Available at: https://www.uscourts.gov/sites/default/files/preliminary_draft_proposed_amendments_to_the_federal_rules_of_appellate_bankruptcy_and_civil_procedure_0.pdf.

[3] Available at: https://www.americanbar.org/groups/litigation/publications/litigation-news/top-stories/2015/aba-house-of-delegates-urges-change-to-diversity-statute/.

their need for *ex parte* preliminary relief.

The complaint is dismissed for lack of subject matter jurisdiction.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

_____
U.S.D.J.

Dated:  Brooklyn, New York
        February 4, 2021